# EXHIBIT A

Timothy W. Steadman, SBN: 022708
Morgan B. McCain, SBN: 025878
**STEADMAN LAW FIRM, PLC**
1310 E. Southern Avenue, Suite 201
Mesa, Arizona 85204
Phone: (480) 964-2800
Fax:   (480) 964-2802
Email: ecf@steadmanlawfirm.net

*Attorney for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>RUBEN PRESTON, and<br>LINDA M. PRESTON;<br><br>Debtors. | Case No.  2:13-bk-00714-EPB<br><br>In Proceedings Under Chapter 11<br><br>**FIRST AMENDED PLAN OF REORGANIZATION** |

Ruben and Linda Preston (the "Debtors"), debtors-in-possession in the above-captioned bankruptcy estate, submit to the Court and creditors of the Debtors' estate the following Amended Plan of Reorganization ("the Plan"), pursuant to §1121(a) of the Bankruptcy Code.

**I.     DEFINITIONS.**

"Administrative Claim" shall mean any Claim under § 503(b) of the Bankruptcy Code that is entitled to priority under § 507(a)(2) of the Bankruptcy Code.

"Allowed Claim" shall mean: a) A Claim which has been scheduled by the Debtor pursuant to 11 U.S.C. § 521(1), other than a Claim scheduled as disputed, contingent or unliquidated; b) A Claim which has been filed pursuant to 11 U.S.C. § 501(a) and as to which no objection to the allowance thereof has been interposed within any applicable time limit fixed by the Bankruptcy Code or by an order of the Bankruptcy Court, or to which an objection has been determined in whole or in part by a Final Order of the Bankruptcy Court, Unless otherwise

specified, "Allowed Claim" shall not include interest on the principal amount of such Claim from and after the Petition Date.

"Allowed Priority Claim" shall mean the portion of an Allowed Claim entitled to priority under §§ 507(a)(1), or (3-10) of the Bankruptcy Code.

"Allowed Unsecured Claim" shall mean an Allowed Claim, other than an Administrative Claim, or an Allowed Priority Claim.

"Bankruptcy Code" shall mean Title 11 of the United States Code.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona, Phoenix Division, having jurisdiction over this case or any proceeding arising under, in, or relating to this case.

"Bankruptcy Rule" shall mean the Federal Rules of Bankruptcy Procedure as amended and the Local Rules of the Bankruptcy Court, as applicable to Chapter 11 Case Proceedings therein, as the case may be.

"BAPCPA" shall mean the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") as amended.

"Bar Date" shall mean the dater, if any, designated by the Bankruptcy Court as the last date for filing Proofs of Claim or Interest against the Debtor.

"Chapter 11" shall mean Chapter 11 of the United States Bankruptcy Code, 11 U.S.C § 1101, et seq.

"Claim" shall mean (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the date of Confirmation; or (b) a right to an equitable remedy for breach of performance if such breach

gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, where such right arose or accrued prior to Confirmation; or (c) a claim arising under 11 U.S.C. § 502(g), all as set forth in § 101(5) of the Bankruptcy Code

"Claimant or Creditor" shall mean any person or entity that asserts a Claim.

"Class" shall mean a category of holders of Claims or Interests as described in this Plan.

"Confirmation" shall mean the date on which the Bankruptcy Court enters an Order confirming the Plan.

"Creditor" shall mean a Person that has a Claim against the Debtor that arose on or before the Petition Date or that has a Claim against the Debtors' estate of any kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

"Debtors" shall mean Ruben Preston and Linda M. Preston.

"Disbursing Agent" shall mean the Reorganized Debtors. The Disbursing Agent shall make distributions to holders of Allowed Claims under the Plan.

"Disclosure Statement" shall mean the Debtors' Disclosure Statement and any amendments and supplements thereto as approved by an order of the Bankruptcy Court.

"Effective Date" means thirty (30) days after the entry of a Final Order by the Court Confirming the Plan.

"Final Order" means an order or judgment which has not been stayed.

"Homestead" means the property located at: 459 N. Orlando Circle, Mesa, AZ 85205.

"Person" includes an individual, partnership and corporation and is further defined in § 101(41) of the Bankruptcy Code.

"Petition Date" means the date on which the Petition was filed, January 16, 2013.

Case 2:13-bk-00714-EPB    Doc 70-1    Filed 12/16/13    Entered 12/16/13 22:24:03    Desc
Exhibit A - First Amended Plan of Reorganization    Page 4 of 14

"Plan Account" means the FDIC insured money market/checking/savings account opened and maintained for the purpose of holding Plan Funds pending distribution to Claimants under the terms of the Plan, Article 5.1.

"Plan Fund" means the funds in the Article V1(A) Plan Account.

"Plan, or Plan of Reorganization" means this Plan of Reorganization proposed by the Debtors, including any amendment or modification made in accordance with applicable provisions of the Code.

"Pro Rata" means the ratio of an Allowed Claim or Allowed Interest in a particular Class to the aggregate amount of all Allowed Claims or Allowed Interests in that Class.

"Reorganized Debtor" means the Debtor after the Effective Date.

"Secured Claim" means a Claim secured by Debtors property in an amount equal to the lesser of the Allowed Claim of that Creditor or the value of the property, as determined by the Court pursuant to 11 U.S.C. § 506, minus the amount of any Allowed Claim secured by a senior lien against the same property.

"Unsecured Claim" means any Claim other than an Administrative Claim or a Secured Claim.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS

### A. Priority Claims:

Class 1 consists of Allowed Priority Claims under 11 U.S.C. §507(a)(2) (Administrative Claims).

Class 2 consists of Allowed Priority Claims under 11 U.S.C. §507 (a)(8) (Tax Claims).

./././

./././

**B. Secured Claims:**

Class 3A consists of the Allowed Secured Claim of CitiMortgage, Inc. related to its first position lien on the Debtors' primary residence.

Class 3B consists of the Allowed Secured Claim of CitiMortgage, Inc to its second position lien on the Debtors' primary residence.

Class 3C consists of the Allowed Secured Claim of Ocwen Loan Servicing, LLC to its first position lien on the Debtors' mother's primary residence.

Class 3D consists of the Allowed Secured Claim of Americredit Financial Services, Inc. (dba GM Financial of Arizona) related to its lien on the Debtors' 2011 Chevrolet Equinox.

Class 3E consists of the Allowed Secured Claim of Wells Fargo Auto Finance, a division of Wells Fargo Bank, N.A related to its lien on the Debtors' 2005 Chevrolet Avalanche.

Class 3F consists of the Allowed Secured Claim of Home Loan State Bank related to its lien on the Debtors' 2006 Sea Ray 220 Select motorboat and 2006 Shorelander boat trailer.

Class 3G consists of the Allowed Secured Claim of the Internal Revenue Service (IRS) related to its lien on Debtors' personal property for tax years 2002 and 2003.

**C. General Unsecured Claims:**

Class 4 consists of the Allowed Unsecured Claims of Creditors of the Debtors.

**D. Debtors' Interest:**

Class 5 consists of the Allowed Interest of the Debtors.

**III. IMPAIRMENT OF CLASSES**

Classes 2, 3A, 3B, 3C and 5 are unimpaired under the Plan. Classes 3D, 3E, 3F, 3G and 4 are impaired under the Plan. All other classes are impaired, as that term is defined in 11 U.S.C. §1124.

## IV. TREATMENT OF CLASSES

### A. Priority Claims:

#### 1. Administrative Claims:

Class 1 consists of administrative expenses are costs or expenses of administering the Debtors' chapter 11 case which are allowed under §507(a)(2) of the Code. The first payment will be due on the effective date.

#### 2. Tax Claims:

Class 2 consists of Allowed Priority Claims under 11 U.S.C. §507(a)(8)-tax claims. As provided in 11 U.S.C. §1129(a)(9)(C), unless they agree to an alternative form of treatment, the Allowed Priority Claims of Class 2 shall be paid in full, in cash, in regular installment payments of a total value, as of the Effective Date of the Plan, equal to the Allowed Priority Claim, over a period ending five (5) years after the Petition Date, and in a manner that is not less favorable than the most favored non-priority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under §1122(b)).

Any Allowed Priority Claims will receive interest at three percent. The Internal Revenue Service has filed proof of claim No. 12, for a claim in the amount of $33,119.72. Of this amount, $10,065.73 is secured by a federal tax lien. These are for the tax years 2002, 2003, 2004, 2006, 2007, 2010, and 2011. The total amount of the unsecured priority claim is $6,117.38. Debtors will pay the unsecured priority portion of this claim, in equal monthly payments, plus thee percent (3%) interest, paid over 48 months. The remaining portion in the amount of $16,936.61 shall be paid in accordance with unsecured non-priority claims.

Any Class 2 Priority Claim not allowed as of the Effective Date shall be paid as soon thereafter as they are allowed by the Court according to the terms of this Class.

### 3. CitiMortgage, Inc.

This Class consists of the allowed secured claim held by CitiMortgage, Inc. as to its first position Deed of Trust on the property located at 459 N. Orlando Circle, Mesa, AZ 85205. The fair market value of this property is $106,000.00. This figure is supported by a zillow.com online appraisal. The claim will continue to be paid pursuant to the terms of the original loan and any amendments thereto.

### 4. CitiMortgage, Inc.

This Class consists of the allowed secured claim held by CitiMortgage, Inc. as to its second position Deed of Trust on the property located at 459 N. Orlando Circle, Mesa, AZ 85205. The fair market value of this property is $106,000.00. This figure is supported by a zillow.com online appraisal. The claim will continue to be paid pursuant to the terms of the original loan and any amendments thereto.

### 5. Ocwen Loan Servicing, LLC

This Class consists of the allowed secured claim held by Ocwen Loan Servicing, LLC as to its Deed of Trust on the property located at 952 S. 79th Way, Mesa, AZ 85208. The fair market value of this property is $80,000.00. This figure is supported by a zillow.com online appraisal. The claim will continue to be paid pursuant to the terms of the original loan and any amendments thereto.

### 6. Americredit Financial Services, Inc.

This is a secured claim in the amount of $20,068.88, for a 2011 Chevrolet Equinox with a contract rate of interest of 12.50%. This claim will be paid $20,068.88 plus 5.00% interest. The Creditor will receive adequate protection payments of $524.50 per month. Monthly payments

will not be less than $524.50. Payments will begin 30 days after the effective date and continue until paid in full.

### 7. Wells Fargo Auto Finance, a division of Wells Fargo Bank, N.A.

This is a secured claim in the amount of $20,229.89, for a 2005 Chevrolet Avalanche with a contract rate of interest of 15.49%. This claim will be paid $19,286.76 plus 8.00% interest. The Creditor will receive adequate protection payments of $620.52 per month. Monthly payments will not be less than $620.52. Payments will begin 30 days after the effective date and continue until paid in full.

### 8. Home Loan State Bank

This is a secured claim in the amount of $38,947.26, for a 2006 Sea Ray 220 Select Boat and 2006 Shorelander Boat Trailer with a contract rate of interest of 8.90%. This claim will be paid $29,415.00 plus 5.00% interest. The balance of the claim shall be classified as an unsecured non-priority claim. The Creditor will receive adequate protection payments of $519.24 per month. Monthly payments will not be less than $519.24. Payments will begin 30 days after the effective date and continue until paid in full.

### 9. Internal Revenue Service

This is a secured claim in the amount of $10,065.73, for tax years 2002 and 2003. This claim will be paid $10,065.73 with 0.00% interest. The balance of the claim shall be classified as an unsecured non-priority claim. Monthly payments will not be less than $167.76. Payments will begin 30 days after the effective date and continue until paid in full.

### 10. General Unsecured Claims

Class 4 consists of the allowed unsecured claims of creditors. Class 4 Creditors shall be paid a pro rata share from the Debtor's Excess Cash Flow, on an annual basis, in an amount

sufficient to fund the value of the Debtors' Chapter 7 Reconciliation requirement. The amount projected to be paid to the General Unsecured Creditors under the Plan is approximately $15,721.08, or approximately 17% of the total General Unsecured Claims.

The liquidation value of the Debtors' assets, taking into account the hypothetical chapter 7 trustee's fees, costs and the amount to unsecured priority creditors is $0.00. To determine this amount, Debtors' subtracted the hypothetical chapter 7 trustee's fees and costs, approximately $71.00 (10% of the estimated non-exempt assets); and the amount of the priority debt, approximately $6,117.38 from the non-exempt property totaling $701.78. Subtracting the amount of $6,188.38 ($71.00 + $6,117.38) from $701.78 equals -$5,486.60. This is why Debtors' believe that the liquidation value is $0.00.

The Plan will exceed the Chapter 7 reconciliation requirement and unsecured creditors of the Estate will receive a higher return under Debtors' Chapter 11 Plan than they would if the bankruptcy were converted to Chapter 7. This amount will be paid after all senior Allowed Claims have been paid in accordance with the terms of the Plan. These claims represent the claims listed on Schedule "F" of the Debtor's petition as well as the unsecured portions the secured claim of Home Loan State Bank, the claim of the Internal Revenue Service. A list of allowed general unsecured claims is attached here as Exhibit 1.

### 11. Debtors' Interest

Pursuant to §1129(a)(15) and (b)(2)(B)(ii) of the Bankruptcy Code, the Debtors shall retain their interest in all of the legal and equitable interest in exempt and non-exempt assets of the estate. All estate property shall vest in the Debtors at confirmation.

./././

./././

## V. PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

At the time of filing this case, the Debtors are party to one executory contract. This is a cell phone contract through Verizon Wireless. The Debtors have agreed to assume this contract and make regular payments pursuant to the original contract.

## VI. MEANS FOR EXECUTING THE PLAN

### A. Means for Implementation of the Plan

Payments and distributions under the Plan will be funded solely by the earning of the Debtors. The Debtors shall act as the disbursing agent under the Plan. All payments on Allowed Secured Claims from the Plan Fund shall be made by the Disbursing Agent.

### B. De Minimis Cash Distributions

No payment of less than $10 will be made to any holder of an allowed claim unless a request therefore is made in writing to the Debtors.

### C. Documentation of Plan Implementation

In the event any entity which possessed an Allowed Secured Claim or any other lien in any of the Debtors' property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtors may record a copy of this Plan or the Confirmation Order with the appropriate governmental agency and such recordation shall constitute the lien release and creation of any necessary new liens to satisfy the terms of the Plan.

./././

./././

## VII. EFFECT OF CONFIRMATION

Because the Debtors are individuals, pursuant to §1141(d)(5) of the Bankruptcy Code, Confirmation of the Plan does not provide the discharge for the Debtors until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in §1141(d)(5) of the Code. The discharge shall be effective as to each Claim, regardless of whether a proof of claim thereon was filed, whether the Claim is an allowed Claim, or whether the holder thereof votes to accept the Plan. The Debtors will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007(d) of the Federal Rules of Bankruptcy Procedure.

## VIII. OBJECTION TO AND ESTIMATATION OF CLAIMS

### A. Objection and Bar Date for Filing Objections

As soon as practicable, but in no event later than 14 days after the Effective Date, objections to Claims shall be filed with the Bankruptcy Court and served upon the Debtors and the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code and the Bankruptcy Rules. Objections filed after such date will be barred.

### B. Settlement of Claims

The Debtors will have the power an authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## IX. NONALLOWANCE OF PENALTIES AND FINES

No distribution shall be made under this Plan on account of, and no other Allowed Claim, whether secured, unsecured, administrative, or priority, shall include any fine, penalty, exemplary or punitive damages, late charges, default interest or other monetary charges relating

Case 2:13-bk-00714-EPB    Doc 70-1    Filed 12/16/13    Entered 12/16/13 22:24:03    Desc
Exhibit A - First Amended Plan of Reorganization    Page 12 of 14

11

to or arising from any default or breach by the Debtors, and any claim on account thereof shall be deemed disallowed, whether or not an objection was filed to it.

### X. CLOSING OF CASE

Until this case is officially closed, the reorganized Debtors will be responsible for filing pre and post-confirmation reports required by the United States Trustee and paying the quarterly post-confirmation fees of the United States Trustee, pursuant to 28 U.S.C. §1930 as amended. Pursuant to 11 U.S.C. §1129(a)(12), all fees payable under section 1930 of title 28, as determined by the Court at the hearing on confirmation of the Plan, will be paid on the Effective Date.

### XI. MODIFICATION OF THE PLAN

In addition to their modification rights under § 1127 of the Bankruptcy Code, the Debtors may amend or modify this Plan at any time prior to Confirmation without leave of the Court. The Debtors may propose amendments and/or modifications of this Plan at any time subsequent to Confirmation with leave of the Court and upon notice to Creditors. After Confirmation of the Plan, the Debtors may, with approval of the Court, as long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission or reconcile any inconsistencies of the Plan, or in the Confirmation Order, if any may be necessary to carry out the purposes and intent of this Plan.

### XII. RETENTION OF JURISDICTION

Notwithstanding Confirmation of this Plan, the Bankruptcy Court shall retain its jurisdiction of this bankruptcy to the full extent allowed by law, including for the following purposes:

A. Determination of Claims and interests upon objection to such Claims by the Debtor or by any other Party in Interest.

B. Determination of requests for payment of Claims entitled to priority under § 507(a)(2) of the Bankruptcy Code, including compensation of Parties entitled thereto.

C. Resolution of controversies and disputes regarding the interpretation or enforcement of the terms of the Plan.

D. Implementation of the provisions of the Plan and entry of orders in aid of Confirmation of the Plan, including, without limitation, appropriate orders to protect the Debtors;

E. Entry of a Final Decree closing the case.

DATED: December 16, 2013          STEADMAN LAW FIRM, PLC

     */s/ Morgan B. McCain*
Timothy W. Steadman
Morgan B. McCain
1310 E. Southern Avenue, Suite 201
Mesa, AZ 85203-5139
*Attorneys for Debtors*


     */s/ Ruben Preston*
Ruben Preston, Debtor


     */s/ Linda M. Preston*
Linda Preston, Debtor